**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SELVIN ALFREDO BONILLA-AGUILAR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-73125<br><br>Agency No. A094-917-849<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Selvin Alfredo Bonilla-Aguilar, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Bonilla-Aguilar's testimony and asylum application affidavit regarding his alleged sexual assault by gang members and whether he reported his other problems with gang members to a teacher. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances). Bonilla-Aguilar's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, his asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Bonilla-Aguilar's CAT claim also fails because it is based on the same statements found not credible, and he points to no other evidence in the record to compel the finding that it is more likely than not he would be tortured by or with consent or acquiescence of a public official in Honduras. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

11-73125